# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

ELIZABETH FRANCES GLASCOCK V. BUREADA JONES, AN
INFANT, ETC.

April 8, 1940.

Record No. 2192.

Present, All the Justices.

The opinion states the case.

*John Locke Green, Albert F. Anderson* and *Linus A. Verzi,* for the appellant.

*Stilson H. Hall* and *Lucas D. Phillips,* for the appellee.

BROWNING, J., delivered the opinion of the court.

This is a suit to set aside a deed to Elizabeth Frances Glascock by the Peoples Loan and Real Estate Company, Inc., as fraudulent and void, which conveyed to her a tract of land in Loudoun county, Virginia, containing 60 acres, and to subject her equity and that of her husband, Delmas Glascock, to the payment, as far as it will, of a judgment for the sum of $1,200.00, in favor of Bureada Jones, the plaintiff, who is the defendant in error here. The judgment was against the husband, Delmas Glascock. The cash payment of $500.00 on the purchase price was paid and its receipt was acknowledged by the deed. The residue was secured by a deed of trust on the land. It was alleged in the bill that the initial payment was from the money of Delmas Glascock and that the conveyance to his wife was the result of a fraudulent scheme concocted by him to defeat the collection of the plaintiff's judgment or any part thereof.

The date of the deed is August 21, 1934, and certain payments of principal and interest have been made on the un-

paid portion of the purchase price, which are alleged to have been made with money which belonged to the husband and which was in furtherance of the fraudulent scheme.

It is also alleged that Elizabeth Frances Glascock had no property or money in her own right and that she could not have made any of the payments referred to unless her husband had furnished the money and that she was cognizant of the fraudulent purpose actuating him and so was a party to it.

The Glascocks, husband and wife, were made defendants to the bill and filed their answer denying the allegations referred to. The cause was then referred to a commissioner who was charged with the duty to report, among other things, whether or not the land was conveyed to Elizabeth Frances Glascock for the purpose of enabling Delmas Glascock to hinder, delay and defraud his creditors, and whether or not the deed should be set aside on the ground of fraud and her interest sold to satisfy plaintiff's claim. The commissioner misconceived, in part, the duty with which he was charged. He reported as follows: "From the depositions herewith returned your Commissioner is of the opinion the real estate conveyed to Elizabeth F. Glascock so far as paid for was from funds of Elizabeth F. Glascock and there has been no evidence submitted that there was any fraud contemplated by her in the purchase of said land and that the conveyance to her should not be set aside to satisfy the creditors of Delmas Glascock."

Thus it is seen that the commissioner's report ignored the mandate of the decree as to ascertaining and reporting whether or not the conveyance was made for the purpose of enabling Delmas Glascock to defraud his creditors.

The commissioner based his report upon the depositions of witnesses taken before him. The plaintiff filed exceptions to the report on the ground that it was silent in regard to the principal issue to be ascertained and also that the evidence did not support the findings of the commissioner. The court sustained the exceptions of the plaintiff and held that the conveyance was the result of a fraudulent scheme

on the part of Delmas Glascock to defraud his creditors. He was adjudicated to be the actual owner of the said real estate, which was directed to be sold for the purpose of determining his equity therein, which was decreed to be applied to the payment of the liens thereon.

The commissioner's report lacks the force and effect that is usually accorded to it, because it is but a partial execution of the charge imposed upon him by the decree. The evidence, we think, supports the decree of the trial court. To sustain her contention that the money which was paid on the land was her own, Mrs. Glascock went back to the time when she was a mere child, 13 or 14 years old, when she acted as a house girl for a Mrs. McDonough, for whom she worked for three months at $3.00 per week, then for a Mr. Warner for two months at $2.00 per day, and subsequently for her brother and her husband. She claimed that from these sources the money was derived which went into the purchase of the land. She claims to have saved all that she made and when she was asked where she kept it she said "sometimes in my pocket-book; sometimes under the bedding."

We are not impressed with this testimony. It does not carry conviction. The testimony of both the husband and the wife, in rather important particulars, is vague, indefinite and unsatisfactory.

Mr. Bruce McIntosh, with whom the real estate transaction was consummated, and who is the president of the real estate company and of the Peoples National Bank of Leesburg, testified that Delmas Glascock paid him the $500.00 cash payment and that he, Glascock, told the witness "he couldn't own any property in his name, or didn't want to own any in his own name."

We have also the following facts which have an important bearing upon the character of the transaction. Judgment was obtained on April 27, 1934. The land was purchased on August 21, 1934. The closeness of these two pivotal dates is a circumstance which doubtless charged Delmas Glascock with the consciousness that it would be a hazard-

ous thing for him to acquire real estate in his own name. It has the further and perhaps the more important effect of being a strong corroboration of Bruce McIntosh's testimony already referred to.

In the case of *Fowlkes* v. *Tucker,* 164 Va. 507, 180 S. E. 302, this court said that as a general rule the burden of proof is upon him who charges fraud. But where the transaction questioned is between brother and brother, or other near relatives, it requires only slight evidence to shift the burden of showing its *bona fides.*

In this case, as we have seen, the husband conducted all of the preliminaries which led to the consummation of the transaction, and at that point he said that he couldn't own any property in his name.

The decree of the trial court is plainly right and it is affirmed.

*Affirmed.*